COLLOTON, Circuit Judge,
concurring in part and concurring in the judgment.
I concur in Part I through III of the opinion of court, but do not join Part IV. The discussion of the common law principles of laches in Part IV is pure dicta, on an issue raised sua sponte by my colleagues. Where the question is unnecessary to a decision, and without briefing or argument on the complex issues lurking therein, including what statute of limitations might apply to an action under 49 U.S.C. § 20109(d)(3) and the implication of a limitations period for the availability of a laches defense, see Petrella v. Metro-Goldwyn-Mayer, Inc., - U.S. -, 134 S.Ct. 1962, 1973-74, 188 L.Ed.2d 979 (2014), I express no view on whether the defense is “likely” to cut off an employee’s right to sue or to seek equitable relief. Nor is it necessary, given the conclusion in Part III, to address the company’s contention that Gunderson, by his conduct, waived his right to file a de novo action in the district court. In particular, I do not join the court’s apparent assumption that “Congress surely knew in drafting the statute” that railroad employees could undertake the sort of wasteful duplicative litigation displayed in this case, where a claimant *973 pursued administrative remedies for nearly four years after expiration of the 210-day statutory period, received an unfavorable decision from an administrative law judge, and then started over with a dupli-cative de novo action in federal court.